Jianchao Li (CA Bar No. 357591)
peterli@lawmayus.com
**LawMay P.C.**
2108 N St., Ste. 9124
Sacramento, CA 95816
Tel: 213-271-6014

*Attorney for Plaintiff*
KHD Group Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHD Group Inc., | Case No.: 5:26-cv-02081 |
| Plaintiff, | **COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF** |
| v. | |
| dbest products, Inc., | DEMAND FOR JURY TRIAL |
| Defendant. | |

PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**LawMay P.C.**
2108 N St., Ste. 9124
Sacramento, CA 95816
Telephone: 213-682-7241

Plaintiff KHD Group Inc. ("KHD" or "Plaintiff") files this Complaint for Declaratory Judgment against Defendant dbest products, Inc. ("Defendant"), and in support of its Complaint alleges as follows:

## NATURE OF THE ACTION

1. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the United States Patent Act, 35 U.S.C. § 1 et seq.

2. Plaintiff seeks declaratory judgments that U.S. Patent No. 12,304,546 (the "'546 Patent") and U.S. Patent No. 12,275,446 (the "'446 Patent") are invalid, unenforceable, and not infringed by Plaintiff's products. A copy of the '546 Patent is attached hereto as **Exhibit 1**. And a copy of the '446 Patent is attached hereto as **Exhibit 2**.

3. Plaintiff brings this action in view of the actual controversy created by Defendant. Defendant has abusively asserted patent infringement claims against Plaintiff's products with Amazon, causing Amazon to wrongfully remove Plaintiff's product listings.

## THE PARTIES

4. Plaintiff KHD Group Inc. is a corporation organized under the laws of the State of California, having its principal place of business at 15970 Mountain Ave, Chino, CA 91708. Plaintiff conducts business through a storefront on Amazon.com under the name "US-VECELO" (Vendor Code: VECET).

PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**LawMay P.C.**
2108 N St., Ste. 9124
Sacramento, CA 95816
Telephone: 213-682-7241

5.    Upon information and belief, dbest products, Inc. is a corporation organized under the laws of the State of California, with its principal place of business at 16506 S Avalon Blvd, Carson, California 90746.

## JURISDICTION AND VENUE

6.    This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., and the United States Patent Act, 35 U.S.C. § 1, et seq. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 2201, 2202, 1331, and 1338(a) because an actual case or controversy currently exists between the parties regarding the Patents-in-Suit. Additionally, the Court would have subject matter jurisdiction over this action if Defendant initiated suit for patent infringement.

7.    This Court has personal jurisdiction over Defendant because Defendant is a corporation organized and existing under the laws of California, with its principal place of business alleged to be at 16506 S Avalon Blvd, Carson, California 90746, which is within this judicial district.

8.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this District, as defined by 28 U.S.C. § 1391(c)(2).

## FACTUAL BACKGROUND

**A. The Non-Infringing Products and Defendant's Wrongful Amazon Complaints**

- 3 -

PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**LawMay P.C.**
2108 N St., Ste. 9124
Sacramento, CA 95816
Telephone: 213-682-7241

9. Plaintiff sells storage cabinets on Amazon.com. These products are identified by Amazon Standard Identification Numbers (ASINs), including but not limited to: B0D5LL43R4, B0FVKL1P8G, B0DQ489SC6, B0FVLHVCNF, B0GHQBMJ7G, B0GHQTX3VL, B0GHQTPM75, and B0GHQW5CT2 ("Non-Infringing Products").

10. The Non-Infringing Products are foldable storage cabinets available in single-tier and multi-tier configurations.

11. In the single-tier configuration, the cabinet consists of two side panels hingedly connected to each other, a top rim, and a set of swing clips. Each side panel is connected to the top rim via swing clips.

12. In the multi-tier configuration, the cabinet consists of multiple pairs of side panels, a top rim, and multiple sets of swing clips. Within each tier, the two side panels are hingedly connected to each other. The top rim is connected to the uppermost tier via swing clips, and each lower tier is connected to the tier immediately above it via swing clips.

13. To assemble the cabinet, a user unfolds the panels outwardly and rotates each swing clip in one direction to engage the adjacent upper panel or the top rim, thereby maintaining all panels in an upright open condition and forming the side walls of the storage cabinet. When disassembled, the panels fold inwardly and the swing clips hang freely by gravity in their unengaged position.

- 4 -

PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**LawMay P.C.**
2108 N St., Ste. 9124
Sacramento, CA 95816
Telephone: 213-682-7241

14. The swing clips are one-piece rotating clips; each swing clip is a single unitary piece that rotates in only one direction to engage a receiving slot on the adjacent upper component. They do not comprise two separate mating members, and they do not function to lock two laterally adjacent panels into a coplanar alignment.



**Fig. 1 - Plaintiff's Non-Infringing Product**

15. On or about February 22, 2026, Amazon removed Plaintiff's listings for the aforementioned ASINs. This delisting was prompted by Amazon Complaint

- 5 -

PLAINTIFF'S COMPLAINT FOR
DECLARANATORY JUDGMENT

**LawMay P.C.**
2108 N St., Ste. 9124
Sacramento, CA 95816
Telephone: 213-682-7241

Nos. 19509862251 and 19511654051 submitted by Defendant, which alleged that Plaintiff's Non-Infringing Products infringe the '446 Patent and the '546 Patent. *See* **Exhibit 3**.

16. Upon information and belief, Defendant did not obtain samples of Plaintiff's Non-Infringing Products prior to filing its complaints with Amazon alleging patent infringement.

17. By asserting baseless patent infringement claims against Plaintiff's Non-Infringing Products, Defendant has abused Amazon's intellectual property enforcement procedures. Defendant exploited these takedown procedures to effectively bypass judicial scrutiny and deprive Plaintiff of the ability to conduct its business on the platform.

**B. The Patents-In-Suit, Prior Art, and Unlawful Addition of New Matter**

**1. U.S. Patent No. 12,304,546 (the '546 Patent)**

18. The storage box embodiment asserted by Defendant in the '546 Patent was publicly disclosed and patented by a Chinese company, Guangdong Haixing Plastic & Rubber Co., Ltd. ("HAIXIN"), long before Defendant purportedly "invented" it. Specifically, HAIXIN disclosed the exact same storage box structure in Chinese Patent No. CN214987334U (the "HAIXIN Patent," attached hereto as **Exhibit 4**), which was published on December 3, 2021. Furthermore, HAIXIN publicly sold its own products embodying this structure on Amazon under ASIN

PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**LawMay P.C.**
2108 N St., Ste. 9124
Sacramento, CA 95816
Telephone: 213-682-7241

B0B4FZWRVR since at least as early as November 16, 2022, as verified by the

Wayback Machine. *See* **Exhibit 5**.



**Fig. 2 -Figure 43 of the '546 Patent**

PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**LawMay P.C.**
2108 N St., Ste. 9124
Sacramento, CA 95816
Telephone: 213-682-7241



**Fig. 3 - Figure in HAIXIN Patent published on December 3, 2021 in Exhibit 4**



**Fig. 4 - Screenshot of HAIXIN's listing in November 2022, verified by the Wayback Machine, also shown in Exhibit 5**

19.     Defendant's earlier patent applications in the '546 Patent's family tree covered only a basic collapsible cart and did not include the storage box structure.

- 8 -

PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**LawMay P.C.**
2108 N St., Ste. 9124
Sacramento, CA 95816
Telephone: 213-682-7241

For example, U.S. Application No. 17/143,116, filed on January 6, 2021 (which later issued as U.S. Patent No. 11,338,835, attached hereto as **Exhibit 6**), disclosed only an open cart without any enclosed storage box, storage-box with panels, or multi-panel walls forming a box-like enclosure.



**Fig. 5 - Fig. 1 of the '835/'446/'546 Patent**

20. Upon information and belief, it was not until March 2023 that Defendant filed Provisional Application No. 63/576,750 and No. 63/577,068

PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**LawMay P.C.**
2108 N St., Ste. 9124
Sacramento, CA 95816
Telephone: 213-682-7241

(attached hereto as **Exhibit 7** and **Exhibit 8**), which for the first time included drawings showing a storage box with panels. These drawings did not appear in Defendant's earlier applications.

21.    Upon information and belief, these newly added drawings appear fully formed and are substantially identical to the drawings in HAIXIN's already-published CN214987334U Patent.

| *Figures From Provisional Application No. 63/577,068* | *Figures From HAIXIN Patent* |
|---|---|
| | |

PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**LawMay P.C.**
2108 N St., Ste. 9124
Sacramento, CA 95816
Telephone: 213-682-7241



**Fig. 6 - Comparison of Figures from Provisional Application No. 63/577,068 and HAIXIN Patent CN214987334U**

22.    Upon information and belief, the photographs submitted in Provisional Application No. 63/577,068 in March 2023 are identical to HAIXIN's products publicly sold on Amazon since at least November 16, 2022, as shown in the chart below and **Exhibit 9**.

| *Figures From Provisional Application No. 63/577,068* | *HAIXIN's Product* |
|---|---|
|  | |

PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**LawMay P.C.**
2108 N St., Ste. 9124
Sacramento, CA 95816
Telephone: 213-682-7241






- 12 -

PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**LawMay P.C.**
2108 N St., Ste. 9124
Sacramento, CA 95816
Telephone: 213-682-7241



**Fig. 7 - Comparison of Photographs from Provisional Application No. 63/577,068 and HAIXIN's Products Sold on Amazon**

23.    This newly added storage box structure was subsequently carried forward into U.S. Application No. 18/542,495 (filed on December 15, 2023), and ultimately into later-issued patents, including Defendant's US 12,103,576 Patent (attached hereto as **Exhibit 10**) and the '546 Patent.

24.    Upon information and belief, despite adding substantial new matter (the inward-folding storage box structure) that was absent from all earlier filings, Defendant failed to identify it as beyond the parent disclosure. Upon information and belief, Defendant misrepresented its later applications to the United States Patent and Trademark Office ("USPTO") as mere "continuations" of its earlier cart applications, rather than properly designating them as "continuations-in-part". By doing so, Defendant unlawfully attempted to claim the benefit of earlier priority

PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**LawMay P.C.**
2108 N St., Ste. 9124
Sacramento, CA 95816
Telephone: 213-682-7241

dates for subject matter that was never disclosed in its parent applications and was, in fact, already publicly disclosed and patented by HAIXIN.

**2. U.S. Patent No. 12,275,446 (the '446 Patent)**

25.    Regarding the '446 Patent, Defendant similarly introduced new matter during prosecution to unlawfully target Plaintiff's products. Upon information and belief, Defendant only added independent Claim 22 in January 2025 during the prosecution of the application leading to the '446 Patent, as an attempt to overcome prior art rejections. Relevant excerpts of the prosecution history are attached hereto as **Exhibit 11**. The United States Patent Office rejected the claim as being anticipated by Shall (a prior-art patent). In Defendant's response to the final office action on January 31, 2025, Defendant cancelled Claims 22-27 and added new Claims 28-33 (which ultimately became Claims 22-27 of the '446 Patent). *See* **Exhibit 12.**

26.    Upon information and belief, Claim 22 introduces features such as "at least three of the walls are configured to fold inwardly" and specific "fastener" functionalities. These features are completely absent from, and lack written description support in, the originally filed specification and drawings of the '446 Patent family tracing back to 2020.

27.    Upon information and belief, despite adding this substantial new matter, Defendant misrepresented the application to the USPTO as a mere

- 14 -

PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**LawMay P.C.**
2108 N St., Ste. 9124
Sacramento, CA 95816
Telephone: 213-682-7241

"continuation" of its earlier cart applications, unlawfully attempting to claim the benefit of an earlier priority date of January 6, 2020 for features that were never disclosed in its parent applications and were already publicly available as prior art.

**C. Harm to Plaintiff**

28.    The Amazon marketplace constitutes Plaintiff's primary sales channel. To remain competitive, Plaintiff relies on the visibility and availability of its listings.

29.    As a direct and proximate result of Defendant's abusive Amazon Complaints, Amazon removed Plaintiff's Non-Infringing Products. Defendant's actions have significantly harmed Plaintiff's business operations, resulting in lost sales and profits, a substantial reduction in product rankings on Amazon, diminished market presence, decreased monthly storefront visitors, and damaged goodwill and reputation.

**<u>COUNT I</u>**

**<u>Declaratory Judgment of Non-Infringement of U.S. Patent No. 12,304,546</u>**

30.    Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

31.    An actual and justiciable controversy exists between Plaintiff and Defendant regarding whether the Non-Infringing Products infringe the '546 Patent, based on Defendant's Amazon complaints enforcing said patent against Plaintiff.

- 15 -

PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**LawMay P.C.**
2108 N St., Ste. 9124
Sacramento, CA 95816
Telephone: 213-682-7241

32. Plaintiff has not infringed and does not infringe any valid and enforceable claim of the '546 Patent, either directly, contributorily, or by inducement, through the making, using, importing, selling, and/or offering for sale of the Non-Infringing Products.

33. Claims 1, 9, and 17 are the independent claims of the '546 Patent.

34. The Non-Infringing Products do not infringe Claim 1 of the '546 Patent because, at least, they do not include "a first latch part" or "a second latch part." *See* **Exhibit 13**, Non-Infringement Claim Chart of the '546 Patent. The swing clips on the Non-Infringing Products are one-piece rotating clips that pivot to connect vertically adjacent panels to each other and to the top rim; they do not consist of two separate mating members and therefore are not latch parts within the meaning of Claim 1.

35. The Non-Infringing Products do not infringe Claim 1 of the '546 Patent because, at least, the Non-Infringing Products do not meet the limitation that "the first latch part and the second latch part are configured to mate with one another and hold the first and second panels in a common plane when the first and second latch parts are latched together." *See* **Exhibit 13**.

- 16 -

PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**LawMay P.C.**
2108 N St., Ste. 9124
Sacramento, CA 95816
Telephone: 213-682-7241



**Fig. 8 - Plaintiff's Non-Infringing Product**

36.    The Non-Infringing Products do not infringe Claim 9 of the '546 Patent because, at least, they do not include "a fastener configured to selectively secure the first panel and the second panel in a substantially coplanar alignment," or "a first fastener member" and "a second fastener member" that are "configured to mate with one another to hold the first panel and the second panel in the substantially coplanar alignment." *See* **Exhibit 13**. The swing clips on the Non-Infringing Products are one-piece rotating clips that do not consist of two separate mating members and therefore do not constitute a "first fastener member" or

- 17 -

PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**LawMay P.C.**
2108 N St., Ste. 9124
Sacramento, CA 95816
Telephone: 213-682-7241

"second fastener member" within the meaning of Claim 9.

37.     The Non-Infringing Products do not infringe Claim 17 of the '546 Patent because, at least, the Non-Infringing Products do not meet the limitations that "the first wall and the second wall each have a height from top to bottom," "the third wall and the fourth wall each have a length from one edge to another," or "the height of each of the first and second walls is less than half the length of each of the third and fourth walls, such that the first and second walls are substantially coplanar with each other when folded inwardly to the closed condition." *See* **Exhibit 13**.



**Fig. 9 - Plaintiff's Non-Infringing Product**

38.     The Non-Infringing Products do not infringe Claim 17 of the '546

- 18 -

PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**LawMay P.C.**
2108 N St., Ste. 9124
Sacramento, CA 95816
Telephone: 213-682-7241

Patent because, at least, they do not include "a coupler configured to selectively secure the first panel and the second panel in a substantially coplanar alignment," or "a first coupler member" and "a second coupler member" that are "configured to mate with one another to hold the first panel and the second panel in the substantially coplanar alignment." *See* **Exhibit 13**. The swing clips on the Non-Infringing Products are one-piece rotating clips that do not consist of two separate mating members and therefore do not constitute a "first coupler member" or "second coupler member" within the meaning of Claim 17.



**Fig. 10 - Plaintiff's Non-Infringing Product**

39.    Plaintiff therefore seeks and is entitled to a declaratory judgment that

PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**LawMay P.C.**
2108 N St., Ste. 9124
Sacramento, CA 95816
Telephone: 213-682-7241

it has not infringed and does not infringe the '546 Patent.

## COUNT II

### Declaratory Judgment of Invalidity of U.S. Patent No. 12,304,546

40. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

41. An actual case or controversy exists between Plaintiff and Defendant as to whether the '546 Patent is invalid.

42. A judicial declaration is necessary and appropriate so that Plaintiff may ascertain its rights as to whether the '546 Patent is invalid.

43. The '546 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more provisions of the Patent Act, 35 U.S.C. §§ 101, 102, and 103, particularly in light of the prior art HAIXIN Patent and HAIXIN's prior sales.

44. The '546 Patent is invalid because it is anticipated and/or rendered obvious under 35 U.S.C. §§ 102 and/or 103 by at least the following prior art alone and in combination, together with the knowledge of a person of ordinary skill in the art at the time of the invention: U.S. Patent No. 11,191,332, U.S. Patent No. 10,315,801, U.S. Patent No. 7,699,212, U.S. Pub. No. 2019/0090602, U.S. Pub. No. 2019/0289970, Chinese Patent Nos. CN303947734S, CN304632396S, CN305015819S, CN107668883A, CN208915679U, CN112918890A,

- 20 -

PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**LawMay P.C.**
2108 N St., Ste. 9124
Sacramento, CA 95816
Telephone: 213-682-7241

CN214987121U, CN214987334U, CN216995354U, the Olympia Tools 85-015 Grand Folding Storage Rolling Cart sold under Amazon ASIN B076D9XG7T (https://www.amazon.com/dp/B076D9XG7T), the FELICON SELORSS Foldable Utility Cart sold under Amazon ASIN B07YFFPK7B (https://www.amazon.com/dp/B07YFFPK7B), and HAIXIN's storage boxes publicly sold on Amazon since at least November 16, 2022 (ASIN B0B4FZWRVR).

45.     The Claims of the '546 Patent variously recite a "first latch part" and "second latch part" (Claim 1), a "first fastener member" and "second fastener member" (Claim 9), and a "first coupler member" and "second coupler member" (Claim 17). None of these elements appear in the specification or figures of the '546 Patent, so the claims lack sufficient written description and are invalid under 35 U.S.C. § 112.

46.     Plaintiff therefore seeks and is entitled to a declaratory judgment that the '546 Patent is invalid.

## COUNT III

## Declaratory Judgment of Unenforceability of U.S. Patent No. 12,304,546

## Based on Inequitable Conduct

47.     Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

- 21 -

PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**LawMay P.C.**
2108 N St., Ste. 9124
Sacramento, CA 95816
Telephone: 213-682-7241

48. Plaintiff notes that FIGs. 30-43 of the '546 Patent bear a striking resemblance to HAIXIN's products and to the product drawings contained in Defendant's earlier patent applications (**Exhibit 8** and **Exhibit 9**). Yet FIGs. 30-43 were never supported by any of Defendant's applications at any time prior to March 2023.

49. As shown in the comparison charts in ¶¶ 21-22 above, the photographs submitted in Provisional Applications 63/577,068 are substantially identical to HAIXIN's published CN214987334U Patent drawings and HAIXIN's products publicly sold on Amazon since at least November 16, 2022. Upon information and belief, the products depicted in those photographs are the commercially available products manufactured by HAIXIN.

50. Upon information and belief, Defendant did not design, manufacture, or sell any product embodying the storage box structure depicted in those photographs prior to HAIXIN's public disclosure and commercial sale of products embodying that same structure on Amazon since at least November 16, 2022.

51. Upon information and belief, Defendant was aware of HAIXIN's prior art at the time of filing those provisional applications.

52. Each individual associated with the filing and prosecution of the '546 Patent had a duty to disclose information material to patentability pursuant to 37 C.F.R. § 1.56. Although Defendant disclosed HAIXIN's CN214987334U Patent

- 22 -

PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT

**LawMay P.C.**
2108 N St., Ste. 9124
Sacramento, CA 95816
Telephone: 213-682-7241

to the USPTO during prosecution, Defendant failed to disclose that the photographs submitted in Provisional Application No. 63/577,068 were taken directly from HAIXIN's commercially available products, and further failed to disclose HAIXIN's prior commercial sales of those products on Amazon since at least November 16, 2022.

53.    HAIXIN's prior commercial sales constitute independent prior art under 35 U.S.C. § 102(a)(1) that was never separately evaluated by the USPTO. Although Defendant disclosed HAIXIN's CN214987334U Patent during prosecution, that disclosure did not apprise the USPTO of HAIXIN's prior commercial sales on Amazon since at least November 16, 2022, which independently render the asserted claims invalid. Had the USPTO been aware of HAIXIN's prior commercial sales as a separate and independent ground of invalidity, the asserted claims of the '546 Patent would not have issued.

54.    Defendant's submission of photographs of HAIXIN's products as its own invention, combined with its failure to disclose the true source of those photographs and HAIXIN's prior commercial sales, constitutes inequitable conduct before the USPTO. The single most reasonable inference from this conduct is that Defendant acted with intent to deceive the USPTO. Accordingly, the '546 Patent is unenforceable in its entirety.

55.    Plaintiff therefore seeks and is entitled to a judgment that U.S. Patent

PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**LawMay P.C.**
2108 N St., Ste. 9124
Sacramento, CA 95816
Telephone: 213-682-7241

No. 12,304,546 is unenforceable.

## COUNT IV

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 12,275,446

56.   Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

57.   An actual and justiciable controversy exists between Plaintiff and Defendant regarding whether the Non-Infringing Products infringe the '446 Patent, based on Defendant's Amazon complaints enforcing said patent against Plaintiff.

58.   Plaintiff has not infringed and does not infringe any valid and enforceable claim of the '446 Patent, either directly, contributorily, or by inducement, through the making, using, importing, selling, and/or offering for sale of the Non-Infringing Products.

59.   Claims 1, 10, 16 and 22 are the independent claims of the '446 Patent.

60.   The Non-Infringing Products do not infringe Claim 1 of the '446 Patent because, at least, they do not include "a first track formed along the first right panel and the second right panel" or "a first slideable member cooperatively engaged to the first track." *See* **Exhibit 14**, Non-Infringement Claim Chart of the '446 Patent.

PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**LawMay P.C.**
2108 N St., Ste. 9124
Sacramento, CA 95816
Telephone: 213-682-7241



| Fig. 11 - Plaintiff's Non-Infringing Product |

61.    The Non-Infringing Products do not infringe Claim 10 of the '446 Patent because, at least, the Non-Infringing Products do not include "a first locking member" or "a second locking member." *See* **Exhibit 14**. The swing clips on the Non-Infringing Products are one-piece rotating clips that do not consist of two separate mating members and therefore do not constitute a "first locking member" or "second locking member" within the meaning of Claim 10.

62.    The Non-Infringing Products do not infringe Claim 10 of the '446 Patent because, at least, the Non-Infringing Products do not meet the limitation

PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**LawMay P.C.**
2108 N St., Ste. 9124
Sacramento, CA 95816
Telephone: 213-682-7241

that "the first locking member cooperatively engages the second locking member to selectively align the first right panel with the second right panel." *See* **Exhibit 14**. Because the Non-Infringing Products do not include a first locking member or a second locking member, they cannot meet the limitation that such members cooperatively engage one another to selectively align the first right panel with the second right panel.

63.   The Non-Infringing Products do not infringe Claim 16 of the '446 Patent because, at least, the Non-Infringing Products do not include "a first lock assembly integrated with the first right panel and the second right panel and configured to selectively lock the first right panel with the second right panel in the open condition." *See* **Exhibit 14**. The swing clips on the Non-Infringing Products are one-piece rotating clips and do not constitute "a first lock assembly integrated with the first right panel and the second right panel" within the meaning of Claim 16.

64.   The Non-Infringing Products do not infringe Claim 22 of the '446 Patent because, at least, the Non-Infringing Products do not include "a first fastener configured to selectively secure the first panel and the second panel in the open condition." *See* **Exhibit 14**. The swing clips on the Non-Infringing Products are one-piece rotating clips and do not constitute a "first fastener configured to selectively secure the first panel and the second panel in the open condition" within

- 26 -

PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

LawMay P.C.
2108 N St., Ste. 9124
Sacramento, CA 95816
Telephone: 213-682-7241

the meaning of Claim 22.

65. The Non-Infringing Products do not infringe Claim 22 of the '446 Patent because, at least, the Non-Infringing Products do not include a first fastener "integrated with the first right panel and the second right panel in both the closed condition and in the open condition." *See* **Exhibit 14**. The swing clips on the Non-Infringing Products are one-piece rotating clips that are not integrated with both the first right panel and the second right panel simultaneously, and therefore do not meet this limitation of Claim 22.

66. Plaintiff is entitled to a declaratory judgment that it has not infringed and does not infringe the '446 Patent.

## **COUNT V**

### **Declaratory Judgment of Invalidity of U.S. Patent No. 12,275,446**

67. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

68. An actual case or controversy exists between Plaintiff and Defendant as to whether the '446 Patent is invalid.

69. The '446 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more provisions of the Patent Act, 35 U.S.C. §§ 101, 102, 103, and 112.

70. Specifically, Defendant unlawfully added Claim 22 to the '446 Patent

- 27 -

PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**LawMay P.C.**
2108 N St., Ste. 9124
Sacramento, CA 95816
Telephone: 213-682-7241

in January 2025 during prosecution. This claim recites structural features and functional characteristics that completely lack written description support in the parent applications filed in 2020. Because Claim 22 constitutes new matter, it is not entitled to an earlier priority date.

71.    The '446 Patent is invalid because it is anticipated and/or rendered obvious under 35 U.S.C. §§ 102 and/or 103 by at least the following prior art alone and in combination, together with the knowledge of a person of ordinary skill in the art at the time of the invention: U.S. Patent No. 11,191,332, U.S. Patent No. 10,315,801, U.S. Patent No. 7,699,212, U.S. Pub. No. 2019/0090602, U.S. Pub. No. 2019/0289970, Chinese Patent Nos. CN303947734S, CN304632396S, CN305015819S, CN107668883A, CN208915679U, CN112918890A, CN214987121U, CN214987334U, CN216995354U, the Olympia Tools 85-015 Grand Folding Storage Rolling Cart sold under Amazon ASIN B076D9XG7T (https://www.amazon.com/dp/B076D9XG7T), the FELICON SELORSS Foldable Utility Cart sold under Amazon ASIN B07YFFPK7B (https://www.amazon.com/dp/B07YFFPK7B), and HAIXIN's storage boxes publicly sold on Amazon since at least November 16, 2022 (ASIN B0B4FZWRVR).

72.    Plaintiff therefore seeks and is entitled to a declaratory judgment that the '446 Patent is invalid.

- 28 -

PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**LawMay P.C.**
2108 N St., Ste. 9124
Sacramento, CA 95816
Telephone: 213-682-7241

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A.    A judgment declaring that the '546 Patent is invalid;

B.    A judgment declaring that the '446 Patent is invalid;

C.    A judgment declaring that the '546 Patent is unenforceable due to inequitable conduct committed before the USPTO during its prosecution;

D.    A judgment declaring that the manufacture, use, offer for sale, sale, and/or importation of Plaintiff's products have not infringed and do not infringe any valid claim of the '546 Patent;

E.    A judgment declaring that the manufacture, use, offer for sale, sale, and/or importation of Plaintiff's products have not infringed and do not infringe any valid claim of the '446 Patent;

F.    A permanent injunction enjoining Defendant from asserting the '546 Patent and the '446 Patent against Plaintiff's products and directing Defendant to withdraw its Amazon complaints;

G.    An award of Plaintiff's damages due to Defendant's improper acts, enhanced due to the willful and exceptional nature of the case;

H.    An award of Plaintiff's costs and reasonable attorney's fees as permitted by law; and

I.    Such other and further relief as this Court may deem just and proper.

PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**LawMay P.C.**
2108 N St., Ste. 9124
Sacramento, CA 95816
Telephone: 213-682-7241

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims and issues so triable.

DATED: April 23, 2026

By：

_/s/ Jianchao Li_
Jianchao Li
CA. Bar No. 357591
LawMay P.C.
2108 N St., Ste. 9124
Sacramento, CA 95816
Telephone: 213-271-6014
Email: peterli@lawmayus.com

_Attorney for Plaintiff_
KHD Group Inc.

- 30 -

PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**LawMay P.C.**
2108 N St., Ste. 9124
Sacramento, CA 95816
Telephone: 213-682-7241